IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 26-01095 (MCF) |
| SN TRANSPORT INC. | CHAPTER 11 |
| Debtor | |

OPINION AND ORDER

Upon United States Trustee's motion to dismiss, after notice and a hearing, the court dismissed the present case for cause pursuant §§ 1112(b)(4)(E)[1], (F), and (H) of the Bankruptcy Code (Docket No. 54). SN Transport Inc. ("Debtor"), appealed the dismissal order to the United States District Court for the District of Puerto Rico and requested a stay pending appeal, which is opposed by the United States Trustee (Docket Nos. 58, 60 and 68). For the reasons expressed below, the court denies Debtor's motion for stay pending appeal.

The US Trustee requested the dismissal of the present case pursuant § 1112(b)(4)(F) and (H) for Debtor's failure to file schedules and failure to provide the information requested by the US Trustee for the Initial Debtor Interview ("IDI"). The US Trustee also asserted, among other things, that Debtor failed to attend the IDI (Docket Nos. 31 and 48). The court ordered the Debtor to coordinate a new IDI with the US Trustee (Docket No. 40) and scheduled a hearing on US Trustee's motion to dismiss for April 22, 2026 (Docket No. 41). Debtor opposed US Trustee's request for dismissal asserting, in summary, that it had cured the deficiencies and that there was a reasonable likelihood of rehabilitation, even though, to this day, it has not filed its schedules

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

-1-

(Dockets No. 34 and 51). Neither the Debtor's principal nor its counsel appeared at the hearing on US Trustee's motion to dismiss (Docket No. 54).

Section 1112(b) of the Bankruptcy Code provides that, after notice and a hearing, the court shall dismiss or convert a case to one under Chapter 7 if the movant establishes cause. *See* 11 U.S.C. § 1112(b)(1). The term "cause" includes, but is not limited to, i) "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" (11 U.S.C. § 1112(b)(4)(F)); ii) "failure timely to provide information or attend meetings reasonably requested by the United States Trustee" (11 U.S.C. § 1112(b)(4)(F)); and iii) "Failure to comply with an order of the court" (11 U.S.C § 11 U.S.C. § 1112(b)(4)(E).

The initial burden is on the movant to establish by a preponderance of the evidence standard that there is 'cause' for either conversion or dismissal of the Chapter 11 case, whichever is in the best interests of creditors and the estate. Once the movant establishes "cause," the burden shifts to the debtor to prove (evince) the "unusual circumstances" that establish that dismissal or conversion to chapter 7 is not in the best interests or creditors and the estate. *In re P.R. Hosp. Supply, Inc.*, 2020 Bankr. LEXIS 2742, at * 35 (Bankr. D.P.R. Oct 2, 2020), refering to Richard Levin & Henry J. Sommer, 7 Collier on Bankruptcy, ¶1112.05[2] (16th ed. 2020). Once "cause" has been established, "the court's discretion is limited; it must grant some form of relief unless *§1112(b)(2)* applies" *In re Costa Bonita Beach Resort, Inc.*, 513 B.R. 184, 195 (Bankr. D.P.R. 2014).

In order for the defense under *11 U.S.C. §1112(b)(2)* to apply, the respondent/objecting party must establish "unusual circumstances" that evince that conversion or dismissal is not in the best interest of creditors and must also establish five other elements; namely: (1) conversion or dismissal "is not in the best interests of creditors and the estate;" (2) there is a reasonable likelihood that a plan will be confirmed within the applicable time periods or within a reasonable time; (3) the grounds for dismissal include an act or omission of the debtor other than under *paragraph (4)(A)*; (4) there is a reasonable justification for the act or omission of the debtor; and

(5) the act or omission may be cured within a reasonable time fixed by the court. *In re P.R. Hosp. Supply, Inc.*, 2020 Bankr. LEXIS 2742, at * 35-36, refering to *In re Korn*, 523 B.R. 453, 465 (Bankr. E.D. Pa. 2014); 11 U.S.C. §1112(b)(2)(A) & (B).

In the present case, at the hearing and supported by the case record, the US Trustee established and demonstrated that there was cause for the dismissal of the case. The US Trustee demonstrated that Debtor did not file the schedules of the case as required by § 521(a)(1) nor submitted the requested documents for the IDI meeting as required by § 521(a)(3). Moreover, the record showed that Debtor did not comply with this court's order to coordinate with the US Trustee the IDI. Debtor and its counsel were not present at the hearing on the US Trustee's motion to dismiss, failing to establish any valid defense pursuant to § 1112(b)(2) for which the motion to dismiss should not be granted. Accordingly, the case was dismissed pursuant §§ 1112(b)(4)(E), (F) and (H).

Debtor appealed the dismissal order (Docket No. 58). Debtor requests the stay pending appeal (Docket No. 60).

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." *In re Vaqueria Las Martas, Inc.,* (2020 Bankr. LEXIS 2740, at * 2 (Bankr. D.P.R. 2020), citing *In re MJS Las Croabas Props.*, 2015 Bankr. LEXIS 1159 at *4, 2015 WL 1651085 at *2 (Bankr. D.P.R. 2015). "A party requesting injunctive relief pending appeal bears the burden of showing that the circumstances of the case justify the exercise of the court's discretion." *Candelario-Del Moral v. UBS Fin. Servs.*, 290 F.R.D. 336, 344 (D.P.R. 2013), citing *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010); *Whalen v. Roe*, 423 U.S. 1313, 1316, 96 S. Ct. 164, 46 L. Ed. 2d 18 (1975).

The determination whether to grant a stay pending appeal is controlled by the traditional quadruple test applicable to preliminary injunctions: (1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies. *Candelario-Del Moral v. UBS Fin. Servs.*, 290 F.R.D. at 344-345, refering to *Nken*

*v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776-77, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)); *Joubert-Vázquez v. Alvarez-Rubio*, 841 F. Supp. 2d 570, 573 (D.P.R. 2012). "A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." *In re Vaqueria Las Martas, Inc.,* 2020 Bankr. LEXIS 2740, at * 2-3, citing *In re MEDSCI Diagnostics, Inc.*, 2011 Bankr. LEXIS 283 at *8, 2011 WL 280866 at *3 (Bankr. D.P.R. 2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." *In re Vaqueria Las Martas, Inc.,* 2020 Bankr. LEXIS 2740, at * 3, citing *Gail v. New Eng. Gas Co.*, 2008 U.S. Dist. LEXIS 102678 at *38, 2008 WL 5245331 at *9 (D.R.I. 2008), citing *In re Power Recovery Sys. Inc.*, 950 F.2d 798, 804 n. 31 (1st Cir.1991).

In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". *In re Vaqueria Las Martas, Inc.,* 2020 Bankr. LEXIS 2740, at * 3, refering to *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1761, 173 L.Ed.2d 550 (2009). "The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits." *Acevedo-Garcia v. Vera-Monroig*, 296 F. 3d 13, 16 (1st Cir. 2002), citing *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993). In essence, the issuance of a stay depends on "whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]." *Acevedo-Garcia v. Vera-Monroig*, 296 F. 3d at 16-17, citing *United Steelworkers of America v. Textron, Inc.*, 836 F.2d 6, 7 (1st Cir. 1987) (internal quotations omitted).

In the present case, Debtor is not likely to succeed on the merits. Debtor asserts in its motion for stay pending appeal that it is likely to succeed on appeal because the dismissal was imposed without finding of bad faith and without consideration of lesser sanctions. However, there is no need of a finding of bad faith to dismiss a case pursuant Section 1112(b)(4). Even as of today, Debtor has not filed the required schedules in the present case. Debtor's request for a stay pending appeal does not satisfy the first requirement which is a "strong showing of success

-4-

on the merits"; and thus, the court need not to look any further. Consequently, SN Transport motion for stay pending appeal on Docket No. 60 is denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of May 2026.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge